·CORYELL v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

Railroad: Double Damage Act.   A railroad, in an action under the double damage act for killing stock, cannot base a defense on the condition of the fence at a place other than where the animal escaped on the track.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN,
Judge

AFFIRMED.

*George W. Easley* for appellant.

(1) The second instruction asked by the defendant should have been given. The place where the animal got through or over the fence, was the. one to inquire about, not other places. *Nance v. Railroad Co.,* 79 Mo. 196. (2) The third instruction asked by defendant should have been given. It was not shown that defendant knew or ought to have known that dirt had washed against the fence, so as to allow the animal to get over. *Clardy v. Railroad Co.,* 73 Mo. 576. Besides, if the fence was on the line between the plaintiff's land and the defendant's right of way, the defendant could not enter and dig away the dirt that had washed against the fence. Plaintiff should have moved it if on his premises. Certainly the defendant could not without his consent.

*Wm. J. Courtney* and *Simrall & Sandusky,* for respondent.

(1) The declaration of law, No. 1, given for defend-

ant, and the declaration of law given by the court on its own motion cover all the law involved in the case, and there is no error. (2) There was no error in refusing declaration of law No. 2, asked by defendant, for the reason that the declaration given by the court covered the same point. (3) There was no error in refusing declaration of law, No. 3, asked for by defendant, for the reasons that said declaration contained a comment upon the evidence, and assumed facts that were in issue, and was not authorized by the evidence in the case nor by the law.

EWING, C.—Suit before a justice of the peace for killing plaintiff's mare. Judgment before the justice and also in the circuit court for the plaintiff, and the case is brought here by the defendant. On the trial in the circuit court the evidence tended to show the ownership of the mare; that she got over defendant's fence and was killed by defendant's cars. That the fence was broken at two places, at one of which the fence was four and a half feet or more high on both sides, and that at the other it was only four feet high next to plaintiff's place, inside of his pasture, which was caused by a wash of the earth against the bottom plank. The evidence tends to show that the mare got on the track at the broken place where there was no wash and where the fence, before broken, had been four and a half feet or over high. The evidence tended to show that the fence was made of good, sound substantial cedar posts and boards, and also, that the posts were sound but would not hold nails on account of some cracks, and because of having had so many nails driven into them. The evidence was conflicting as to the condition of the fence. It tended to show that it was good and, also, that it was not substantial. Upon this state of facts the defendant asked the following instructions:

1. That a fence four and a half feet high, made of sound cedar posts and five plank or boards, five or six inches in width and well constructed, is a lawful fence.

2. That if the fence, at the point where the animal sued for broke the same and got upon the railroad track, was such as is described in the first instruction, the finding must be for defendant, notwithstanding the fence near said point was not four and a half feet high.

3. The fence in proof, when built being of the character described in the first instruction, and being at the time of the injury sued for changed only in the matter of height, and in that respect only on the out or farmer's side thereof, by a fill caused by the washing of dirt against it, which fact was known to plaintiff at and before the injury sued for, and was not communicated by him to defendant's employes or any of them, the finding must be for defendant.

Of which the court gave the first and refused the other two, but of its own motion gave the following:

That if the fence at the point where the animal sued for broke the same and got upon the railroad track, was such as is described in the first instruction, the finding must be for defendant.

The appellant insists that its second instruction should have been given. The refusal of this instruction was not error. It ought to have been refused on account of the last clause. But the court of its own motion gave this instruction word for word except the last clause, which cuts no figure in the case. The third instruction was properly refused because it was predicated upon the condition of the fence at a place other than that where the mare got on the road. It was offered upon the facts proven that when the fence was only four feet high it was caused by a wash on the plaintiff's side of the fence, and which the evidence shows was not the place where the mare crossed the fence and got onto the track. Hence it was properly refused. The question then recurs whether there was any evidence tending to show that the fence was defective at the place where the mare got over it; and we think there was such evidence as would authorize the submission of the question to the jury; and they, under proper instructions, having

found for the plaintiff, it is not for this court to weigh the evidence and say whether their verdict was justified or not. The judgment below is affirmed.    All concur.